In the argument of this case were cited 3 Bl. Com., 164; Reeves Eng. Law, 391; 2 Reeves, 168, 169; 3 Dyer, 277.
This action will not lie in the present case. The writ of account lieth against a man as guardian, bailiff, or receiver, and, by statute, against the executors of such; but it lieth not against an *Page 176 
executor who makes a profit of the estate of the deceased, nor against his executor, for the law hath provided other means to call an executor to account, where all the legatees must join in one suit, and not each one of them harass the executor with a separate suit. There is not (277) [227] any authority to show that an executor was ever charged in account as guardian: Whatever he recovers is assets for the whole estate, and not the particular property of any special legatee. There is no privity between the legatee and executor, which is essentially necessary to the support of this action. Co. Litt., 172. The executor does not act by the appointment or choice of the legatee, as is the case with the guardian, but by the appointment of the testator, though the guardian shall have an allowance of all his reasonable costs and expenses. Co. Litt., 89. And so it may be thought no inconvenience to the executor to be charged that way; it is convenient in this, that he is chargeable thereby by each legatee; whereas in the modes anciently prescribed in the cases of executors they must all join. It would not only be a perversion of terms, but a great wrong to the executor to charge him as bailiff, who is liable to account not only for the profits he actually made, but for all such as he might have made by industry and care; and as a receiver he ought not to be charged in this action, because the receiver is not to be allowed any expenses or charges which an executor may be, by 1715, ch. 48, sec. 7.
Judgment for the defendant.